Minute Order Form (96/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 207 | DATE | 4/18/2001 |
| CASE TITLE | Interserve L.P. Vs. Herbert Beigel | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons briefly stated in this memorandum opinion and order, Bankruptcy Judge Sonderby's ruling is affirmed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | date docketed | 9 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | 4/18/2001 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| SN | courtroom deputy's initials | 01 APR 18 PM 2:02 | SN mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                          )
                                )
   HERBERT BEIGEL,              )   No. 97 B 14014
                                )   (Adv. No. 97 A 01423)
           Debtor.              )
                                )
_____)
                                )
INTERSERV, L.P.,                )
                                )
           Plaintiff,           )
                                )
   v.                           )   No. 01 C 207
                                )
HERBERT BEIGEL,                 )
                                )
           Defendant.           )

DOCKETED
APR 19 2001

MEMORANDUM OPINION AND ORDER

InterServ, L.P. ("InterServ") has appealed the decision by Bankruptcy Judge Susan Pierson Sonderby that found indebtedness that had been owed to InterServ by debtor Herbert Beigel ("Beigel") to be dischargeable in bankruptcy. At this Court's suggestion, both litigants have eschewed a major rewriting of their Bankruptcy Court submissions, for this Court has read those original submissions to Judge Sonderby as well as the entire transcript of the adversary proceeding before her. Instead InterServ has tendered a 13-plus page brief at this judicial appellate level, while Beigel--acting pro se--has felt that the appeal required nothing more than a 1-1/2 page single spaced letter. For the reasons briefly stated in this memorandum opinion and order, Bankruptcy Judge Sonderby's ruling is affirmed.

## Facts

Beigel is scarcely your run-of-the-mill pro se litigant. For many years he was a successful legal practitioner with offices here in Chicago and elsewhere--indeed, the now-disputed indebtedness stems from his personal guaranty of a commercial lease ("Lease") entered into by his former law firm of Beigel, Schy, Lasky, Rifkind, Fertick & Gelber ("Firm") in Beverly Hills, California. Despite the ensuing financial failure that has led to Beigel's bankruptcy (a subject with which this Court neither has nor needs to acquire familiarity), Beigel's short letter reflects that he is hardly devoid of his former legal acumen: His brief appraisal of the lack of merit in InterServ's position on this appeal is entirely accurate.

Because Judge Sonderby entered detailed findings of fact ("Findings") and conclusions of law ("Conclusions"), this Court sees no need to reinvent the wheel by repeating them. Suffice it to say that Judge Sonderby heard competing testimony as to the circumstances under which, and the purpose for which, Beigel delivered to InterServ a joint financial statement of himself and his wife ("Financial Statement")--one that had been prepared a year earlier and for a different purpose, and that did not differentiate between the reported asset holdings in terms of who owned what--in conjunction with InterServ's obtaining Beigel's

2

guaranty of the Lease.[1] And Judge Sonderby's detailed Findings included:

1. a series identifying the extremely high levels of income and of net worth that were set out in the Financial Statement (Findings 4-11);

2. another series explaining (a) that InterServ's representative during the Lease negotiations, its senior partner Paul Resnick ("Resnick"), was not really concerned about the nature or age of the Financial Statement--he assumed (incorrectly, for Beigel was not a Californian) that the reported holdings were community property, and moreover that Beigel's wife would be liable on the guaranty--and (b) that Resnick, despite his awareness that Beigel was not a California resident, did not check with anyone about the correctness of his legal assumptions, just as he did not take any steps at all to pursue any further inquiry with Beigel regarding the Financial Statement (even though he was told to do so by InterServ's Los Angeles partner)(Findings 22-26), nor did he ask for a personal guaranty from Beigel's wife (Finding 27); and

3. a series that further undercut (a) InterServ's

---

[1] InterServ's present grievance stems in material part from the fact that only Beigel and not his wife guaranteed the Lease, so that Beigel's tender of a joint financial statement assertedly did not provide InterServ with full disclosure as to Beigel's individual net worth.

3

claims that there were misrepresentations or material omissions attributable to Beigel's delivery of the Financial Statement, as well as (b) InterServ's claim of Beigel's intent to deceive it (Findings 33-41).

## Applicable Legal Principles

Judge Sonderby's Conclusion 3 accurately states the hurdles that InterServ must surmount to meet its burden of proving nondischargeability under 11 U.S.C. §523(a)(2)(B):

> To prevail on its complaint under §523(a)(2)(B), Plaintiff must demonstrate, by a preponderance of the evidence, that (1) the Debtor made a statement in writing; (2) the statement was materially false; (3) the statement concerned the Debtor's financial condition; (4) the Debtor made the statement with an intent to deceive; and (5) Plaintiff actually and reasonably relied on that statement. See, e.g., In re Morris, 223 F.3d 548, 552 (7th Cir. 2000); Selfreliance Federal Credit Union v. Harasymiw (In re Harasymiw), 895 F.2d 1170, 1172 (7th Cir. 1990). Plaintiff must meet its burden of proof with regard to each and every one of the elements under §523(a)(2)(B), or the debt will be found dischargeable. Morris, 223 F.3d at 552.

With Judge Sonderby having made the second and fourth of those determinations adversely to InterServ (either of them being fatal to InterServ's attempt to bar the dischargeability of Beigel's obligation to it), on this appeal InterServ must clear two more hurdles by showing each of those holdings to be clearly erroneous (In re Bogstad, 779 F.2d 370, 375 n.7 (7th Cir. 1985) as to material falsity; In re Sheridan, 57 F.3d 627, 633-34 (7th Cir. 1995) as to intent to deceive). As the ensuing brief discussion confirms, simply comparing Judge Sonderby's findings in those

4

respects with the record evidence confirms that InterServ has fallen badly at both of those appellate hurdles.

## Application of the Legal Principles

As already stated, this Court has read the entire transcript of the adversary proceedings at the Bankruptcy Court level as well as Judge Sonderby's resultant Findings and Conclusions--and, to boot, has read the rest of the designated record on the present appeal. Judge Sonderby's Conclusions 5 through 23 conclusively establish InterServ's failure to prove the essential element of material falsity of Beigel's representations--so much so that her determination that no material falsity was indeed involved could not be faulted under any standard of review (let alone the clearly-erroneous standard). And in the same way, Judge Sonderby's Conclusions 24 through 27 conclusively establish InterServ's failure to prove any intent to deceive on Beigel's part--again so much so that her determination cannot arguably be characterized as erroneous, to say nothing of clearly erroneous.[2]

## Conclusion

Nothing more need really be said to confirm the impeccability

---

[2] Because of Judge Sonderby's determinations in those two respects, she found it unnecessary to decide whether InterServ--having fallen at both of those hurdles--had successfully surmounted the hurdle of demonstrating material reliance on its part. And this Court can of course ignore that issue as well.

5

of Judge Sonderby's decision.  It is affirmed.

_____
Milton I. Shadur
Senior United States District Judge

Date:  April 18, 2001

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Eastern Division

Interserve, L.P.　　　　　　　　　　　　**JUDGMENT IN A CIVIL CASE**

　　　v.　　　　　　　　　　　　　　　　Case Number: 01 C 207

Herbert Beigel

☐　　Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

☐　　Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that final judgment is entered affirming Bankruptcy Judge Sonderby's ruling.

DOCKETED APR 19 2001

　　　　　　　　　　　　　　　　　　Michael W. Dobbins, Clerk of Court

Date: 4/18/2001　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Sandy Newland, Deputy Clerk